NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEANTE JOHNSON,                          )
                                         )
          Appellant,                     )
                                         )
v.                                       )   Case No. 2D15-651
                                         )
STATE OF FLORIDA,                        )
                                         )
          Appellee.                      )
                                         )
_____  )

Opinion filed December 11, 2015.

Appeal from the Circuit Court for Polk
County; Glenn T. Shelby, Judge.

Howard L. Dimmig, II, Public Defender,
and Joseph N. D'Achille, Jr., Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

          Deante Johnson appeals his judgments and sentences for kidnapping and

battery.  We affirm in all respects except for the written sentence for kidnapping, which

we remand for correction of a scrivener's error.

Although the trial court orally pronounced that it found Mr. Johnson to be a habitual felony offender and a prison releasee reoffender, it explained that Mr. Johnson was to be sentenced only as a prison releasee reoffender with respect to his sentence on count two, i.e., the sentence of life imprisonment for kidnapping. However, on the written sentence form for what appears to be special provisions applicable to the sentence on count two, the boxes for habitual felony offender sentencing and prison releasee reoffender sentencing were both marked with an "X." On this form, it is clear that the habitual felony offender box is to be marked only when a defendant is both adjudicated to be a habitual felony offender and sentenced as a habitual felony offender. The State admits that the written sentence is inconsistent with the oral pronouncement. Accordingly, we remand with directions that this scrivener's error be corrected.

Affirmed; remanded to correct scrivener's error.

ALTENBERND, KELLY, and LaROSE, JJ., Concur.